VITO DEL PONTE, p. a. *vs.* GAETANO GIANNESSI.

MICHAEL DEL PONTE *vs.* SAME.

FEBRUARY 12, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. In our opinion filed May 7, 1930, 51 R. I. 27, the court remitted these cases to the Superior Court with direction to pass upon plaintiffs' motions for new trials in accordance with the views expressed in the opinion "and to deny same unless the court approves the finding that defendant was liable."

The trial justice then considered the question of liability and wrote a rescript in which he said: "A careful study of the evidence leads this court to the conclusion that the driver of the truck was aware of the plaintiff's negligence and that he had a reasonable opportunity to avoid injury to the plaintiff had he exercised ordinary care. The ques-

tion of liability, therefore, is determined in favor of the plaintiff. Motion for new trial granted." Defendant has brought the cases to this court by exception to this decision. He claims that on the finding of facts made by the trial justice defendant is not liable under the doctrine of the "last clear chance." The trial justice based his conclusion that defendant was liable under this doctrine upon the testimony of the driver of defendant's truck.

We have duly considered the testimony of this witness, as well as that of all the other witnesses, and are of the opinion that the question of the "last clear chance" was not raised by the evidence. Therefore, it appears that the trial justice determined the question of liability in favor of the plaintiffs for an erroneous reason and has granted their motions for new trials on the ground that the damages awarded them were grossly inadequate.

It is generally held that where an order is correct it will not be reversed on appeal because the trial court based its decision on an erroneous reason, and this rule has been applied in granting a new trial. 4 C. J. 663, 665; 2 R. C. L. 191; *McKittrick* v. *Bates et al.*, 47 R. I. 240. In *Russo* v. *R. I. Co.*, 38 R. I. 323, 327, this court said: "If the decision of the trial justice in denying the defendant's motion for a new trial is justified by the evidence, it is not important to our consideration that he may have reached such a conclusion through faulty reasoning or even through a mistake of law or fact."

These cases were tried together and submitted to the jury on three issues: (1) whether plaintiff Vito was negligent; (2) whether defendant's driver was negligent and (3) whether the driver had the "last clear chance" to avoid injuring Vito. The jury answered these issues by returning a general verdict for each plaintiff and awarding Vito $175 and his father $285.55.

It is conceded that the damages awarded plaintiffs are grossly inadequate and that their motions for new trials on this ground ought to be granted if defendant is liable.

The cases arise from a collision between a bicycle and defendant's motor truck which occurred on Federal street about 3 o'clock, p. m., March 22, 1927. Vito, who was riding on the bicycle, was seriously injured. The vehicles approached each other,—the bicycle from the west and the truck from the east. The truck came from Dean street. Federal street intersects Dean street from the west at an acute angle. Vito was then nearly 16 years old and had been able to ride a bicycle since he was 8 years old. His testimony is that, as he was riding slowly on his right hand side of Federal street, he saw a truck coming along Dean street, make a wide swing into Federal street and go very close to the gutter on its left; that he went further to his right; that the truck made a swing to get over to its right and, in doing so, skidded to its left and completely blocked the road to his right; that his bicycle struck the left side of the truck between its front fender and the running board and that he was thrown and became unconscious. He testified that he was about 4 feet from the curb and that the truck started to turn to its right when it was about 7 feet from him. Three witnesses corroborated Vito's testimony that he was on his right side of the street and that the truck skidded to its left and blocked his passage.

The driver of the truck testified that when he drove into Federal street he saw a boy on a bicycle coming towards him; that the boy was not looking; that when about 15 feet from the bicycle he tried to avoid it by turning the truck to the right and that the bicycle struck the middle of the left mudguard. The driver's cousin, who was riding on the truck, testified to the same effect. Both witnesses admitted that when the truck was turned to its right the rear skidded about 2 feet to the left. Their testimony was to the effect that Vito had room to pass at the rear of the truck but, instead of doing so, turned to his left and ran into it.

The only issues created by this testimony were those of Vito's contributory negligence and the negligence of defendant's driver. Plaintiffs alleged that defendant's truck

was negligently driven into the bicycle. The defense was that Vito negligently ran the bicycle to his left into the truck. The issue of the "last clear chance" was not raised by the testimony. This issue was stressed in the charge. Plaintiffs took an exception to this portion of the charge.

In the absence of special findings by the jury, it is impossible to say their verdicts were not based upon this irrelevant issue. In these circumstances we are of the opinion that justice requires there be another trial of the cases.

Defendant's exception is overruled in each case. Each case is remitted to the Superior Court for a new trial.

*Pettine, Godfrey & Cambio,* for plaintiffs.

*Henshaw, Lindemuth & Baker,* for defendant.